Case number 22-5221 Elizabeth Schacht, M.D., Affelants v. Steven L. Lieberman in his official capacity as Acting Principal Under Secretary for Health, Department of Veterans Affairs, Veterans Health Administration, et al. Mr. Arnold, M.D., Affelants, Mr. Brewer, Rodeo Police Good morning, Mr. Arnold. Good morning, and may it please the Court, Brandon Arnold for Affelants, Dr. Elizabeth Schacht. I'd like to reserve three minutes for rebuttal. The District Court erred here because it upheld an action by the VA's Disciplinary Appeals Board based on reasons that the Board only supplied years after it took the action. It's a bedrock principle of administrative law that the agency has to provide a reason when it acts and that the Court can only uphold an agency's action based on the reasons supplied at that time. The Board here did not do that. In the original administrative record, there is no reason whatsoever given for why the Board summarily excluded a large swath of the evidence submitted by my client. Mr. Arnold, was a remand even necessary here in this case? I mean, if you compare like administrative proceedings to District Court proceedings, they're often evidentiary rulings without any statement in the record about why that ruling was made. And if there's no objection made at the time, then an appeals court can uphold the evidentiary ruling for any reason that's apparent in the record. So, you know, so the District Judge here was being very conscientious in terms of remanding for further explanation, but I mean, I don't even see that a remand was necessary in this case. And if there had been no remand, then all these arguments about the So I think the key distinction here is that we're dealing with an agency and not a trial court. As you say, if this was in the trial court, the judgment could be upheld for any reason, including reasons not given by the court below, as long as it fit with the record. But trial courts aren't bound by Chenery. And so the issue here, evidentiary ruling isn't a final agency action. I mean, it's reviewable, of course, because it's now part of a final agency action. But I mean, I think your argument sort of relies on making this evidentiary ruling some kind of standalone agency action to which, you know, all of these doctrines apply. And I'm just not sure that an agency's evidentiary ruling should be viewed that way. So I believe even in the evidentiary rulings, the agency needs to provide a reason why it's excluding evidence. And often that reason can be quite terse. It need not provide a lengthy reason. If, for example, the agency had stood up when this evidence was admitted and said, we object on basis because it's untimely. If the chair said sustained, that would be a sufficient reason. But that's not what happened here. So in this case, the appellant submitted the evidence. What happened here is that there was a kind of deadlines that were set. And then after a deadline, both sides tried to submit evidence after the deadline, and both sides were rejected. So why can't we just discern from the record that the reason that it was rejected was because it was after the deadline? Well, so let me back up on the deadline. I don't think it is clear that there was fair notice of a deadline in the administrative record. The scheduling order that was put out by the board set a deadline for motions and other requests, but nowhere in that scheduling order. Arguing that there's not notice is different than, I mean, that doesn't meet the hypothetical, which is that if the agency, if the body believed that it had set a deadline that was an operative deadline, and then these two submissions came after that deadline, and it rejected them for that reason, then that's the reason. I grant that if the agency had set a clear deadline and given the parties fair notice of that deadline. What was unclear about it? It was unclear because it never mentioned exhibits at all. All it set was a deadline. Requests, right? And when your client submitted the 200 and some pages, how did your client characterize that? So she submitted exhibits, and in the cover email, her counsel said that it, that he requested that the board admit them. It was a request, right? So what's unclear about that? All requests have to be in by such and such a date, and the 200 and some pages says here, here's our request. The only problem is it's a month late. Respectfully, your honor, that's not how clear the scheduling order was. It said motions or other requests, there's no mention at all of exhibits, and the only place evidentiary submissions are mentioned at all in the scheduling order is the state that evidence can be introduced at the hearing itself. After the board denied the request on that Monday, did counsel for your client object? So after the evidence was excluded, counsel for appellant gave a proffer as to why the evidence was relevant and should be admitted. He did not formally use the word object, but he provided a rationale. Did he ask the board for an explanation? He did not, your honor. And that would be fatal if he were in a trial court. Well, he wouldn't bring it up on appeal if he never even asked for a clarification. So that raises the question that my colleague mentioned that why should an administrative board composed of doctors be held to a higher standard than a U.S. district judge would have been? Well, the board, its only standard is to provide a rationale, which it did not do. It's correct that appellant's counsel did not specifically request a rationale when the evidence was excluded, but submit that it was not his duty to ask for one. The board took action without ever explaining itself. It's the board's duty to explain its actions, not counsel's duty to force an explanation from the board. And going back to the evidence... That would create a body of law that's totally a flaring to the way trials are handled. I think not only in the federal district courts, but also in the state trial courts. So I don't disagree that the rules are different, given that we're an administrative agency and not a trial court. I mean, to follow up on Judge Randolph's question, in the trial, oftentimes the lawyer who objects to evidence just says objection and doesn't even say hearsay, irrelevance, or ask and answer, or anything else. They just say objection. And the judge says objection. What is the reasoning there that we have on appeal to review? Well, the appeal standard allows more leniency because the trial court decision can be upheld on any reason supported by the record. It doesn't matter. The district court didn't provide a reason at the time. But again, we're not dealing with a trial court here. We're dealing with an agency that has to provide a reason. It doesn't have to be a long reason. One word could be sufficient, but it has to say something. And it's telling here that when the evidence was sought to be admitted, the agency responded by objecting to some, but not all of it. What is your best case for the agency having to give a reason when it excludes evidence in the course of an adjudicatory proceeding? So I don't have a case that speaks to that directly. I am reasoning from regents and this court's decision in Citizens United. And then the court has a body of case law making clear that evidence can be excluded based on a deadline, so long as the administrative agency provides fair notice of that deadline. And I think the case law, the General Electric's case, makes clear that one thing to consider when asking whether fair notice had been given is whether other components of the same agency understood the rule differently. And here you have the VA, which is a repeat player in these adjudications, that didn't understand evidence to be untimely. The VA sought to admit evidence on the exact same date without any recognition that it was untimely. And when the board itself... What do you mean without any recognition that it was untimely? Where is it in the record that they didn't think that it was untimely? There's nothing in their submission. Just because they submitted it? And they didn't say this is untimely, but we're seeking leave to file. There's nothing in the submission that makes it clear. Lawyers file stuff late every day, and it's not because they don't know that there is a deadline. They just seek the grace of the court. Right. Normally lawyers seek leave from the court to make late submissions. Here there's no recognition by the agency that we're filing something late and we're requesting leave. And in the pre-hearing conference that the board held, they walked through various exhibits that had been attached to motions and admitted the exhibits that were attached to motions, even though only one of those submissions was filed before the October 7th deadline. They admit seven or eight different pieces of evidence, and almost all of them come after that deadline. There's not one word in the scheduling conference that says we understand that almost everything we're admitting here is late, but we say it's not too late. This is okay, but not too, too late. But that argument wasn't made in the agency proceedings, right? The argument wasn't made in the agency proceedings because the evidence wasn't excluded until late in the process. There was never a cause to say we're challenging the deadline because the deadline was never articulated. At no point did the board say we're excluding this evidence because it's too late. All I'm saying is that counsel never said in the agency proceedings that the board, you have acted inconsistently with respect to what evidence you're allowing in and what evidence you're not based on, you know, deadline, right? I agree. The counsel never said that, but the reason why counsel never said that is he didn't have reason to think the evidence was being excluded based on a deadline. All of this. No, I mean, there was no explanation given. So why not ask for clarification? I think it would have been cleaner had he asked for a clarification, but it is the board's duty. Mr. Arnold, what kind of, I mean, what sort of rule would this be that every time in a relatively informal agency adjudication, the board or the adjudicator has to, on the record, explain every, you know, interlocutory, you know, decision along the way. And if not, then it has to be remanded to the agency. I mean, how could that be a workable rule? So I think that, I mean, there's no case saying that. And I think probably for good reason, because, I mean, it just seems wholly inconsistent with the way agencies operate. And it's also inconsistent with the way we review district court decisions. So I don't think it would be an unworkable rule. And the reason why I don't think it would be unworkable is that many of the logistical sorts of matters that adjudicators would handle are committed to agency discretion by law. When the adjudicator set, you know, the hearing is going to be on Monday and not Tuesday, that's not going to be something that requires an explanation. That's a matter of agency discretion. And for many others, any error is going to be harmless. The only- Any error here is harmless. I mean, I'm happy to discuss harmless error. I don't think the error here is harmless. But the point here is that there's a relatively small set of cases where you're going to have an exclusion of important evidence, and the board is not going to give any reason whatsoever. If there was a one, if the board said excluded late, that may satisfy the reasons problem. We may still be here arguing that the reason is arbitrary and capricious, but it wouldn't be a reasons problem. What's the burden, though, on the party before the agency to ask for a reason? Because, you know, on these sorts of preliminary matters, if they say, okay, we exclude this evidence and nobody challenges it, nobody asks for an explanation, perhaps just obvious to the parties why it was excluded because of untimeliness or irrelevance or whatever the parties assume. I don't think it should be the burden of the person in agency proceedings to have to force the agency to explain its rationale. And this case is particularly tough because while counsel did not stand up and say, what is your reason? He gave a lengthy explanation of why the evidence should be admitted. And the board did not say, we disagree with you, or it doesn't matter, it's untimely. The only response from the board was noted. And so counsel was left unclear as to why the evidence was excluded and whether there was something that could be fixed. But the board made clear that they didn't want to hear about it. I don't think it should be on counsel to have to affirmatively ask the board, you've made your ruling now, please explain it, even though I've told you why admittance is proper. On harmless error, I don't think the exclusion here is harmless. And I think it's most clear when looking at the penalty determination. The core of the board's penalty analysis was to determine that even though Dr. Schott, her medical decisions had been validated, and even though the board determined that she could be successful at another hospital, it said, we can't have you come back to this hospital because you created a toxic environment at the hospital based on communications issues that went back far before fall 2017. The evidence that was excluded would have gone directly to the core of those findings. So Dr. Schott sought to admit a report from the VA to Congress that investigated this hospital in particular and found that the problems at the hospital were caused by years of systemic mismanagement. Not any one individual, as the board found. Dr. Schott also sought to admit her performance reviews from prior years, showing that she met the qualifications on communication in every year prior to 2017, which rebuts the board's idea that these problems stretched long into the past. And Dr. Schott also sought to admit evidence about a comparator doctor at the same hospital who is accused of similar communication misconduct, and yet was given a substantially lower penalty. The board did not consider any of that evidence in finding that she was the core of the problem, and because she was the core and the ultimate cause of the problem, she had to be removed. Had that evidence been considered, the board well could have found a different outcome. So I think there is prejudice here, and this is not a particularly close case when it comes to the burden. The way that the burden has been articulated under 706 is similar to the caudiacus standard of harmless error that applies, like in non-constitutional harmless error that would apply in reviewing a civil or criminal trial. So it's your burden, and you have to establish some sort of a likelihood that there would have been a different outcome. Not just that this relevant evidence was relevant, but that there would have been a different outcome because there's no point in remanding if we believe that the outcome is going to be the same. So why is there a reasonable likelihood that any of this evidence would have led to a different outcome? So it is our burden, although the court's case law has emphasized that the burden is not particularly onerous, and that the question is whether there might have been a different outcome, not whether it's guaranteed there was a different outcome, and the fact that the board could reach the same outcome on remand is not controlling. I just wonder whether the argument that you're making is even the correct analysis. The error that you're posing was a failure to explain. The question is whether the failure to explain is harmless error, and if the record showed, for example, put aside your question, that was clear as a bell that the proposal, the request was out of time, then that would be a harmless error that the court didn't explain itself. You would not take all the evidence that it excluded and then say, what if this came in? That assumes you have a valid argument, and the hypothetical I'm giving you is that you don't have a valid argument for its admission. So that's not how the case was litigated below or how the case is litigated here. I realize that. I understand that. I'm just saying that I don't think it's so clear that was litigated correctly. I think the error is not harmless, and the problem with the Regents' analysis is if you start looking and saying, well, what are reasons they might have given so it's harmless, that's at odds with the analysis that the court had in End Citizens United and in Regents itself. So in Regents itself, the Department of Homeland Security said there is no to a remand. There is no reason to think that the department secretary would do anything other than what is given in the Nielsen memo. And the matter would be remanded to the exact same decision maker if there's a remand. And the Supreme Court still said it doesn't matter. The reason it has to go back is because these are important procedural protections that serve values of it will ultimately be pointless because the decision maker will reach the same outcome. But the hope is that when you have decision makers forced to give a reason for their actions rather than just taking actions, they will reach better, more reasoned decisions. The only problem that you have is that it's not speculation. In this case, there's proof positive that the decision maker would reach the same outcome and in fact did. Respectfully, Judge, I'm not sure that's right because on the terms of the district court's remand, the district court didn't remand to the agency to reconsider the issue. He just remanded for an explanation of what was already done. The agency was locked into a decision point. The remand did not give it leave to take any other action. Its only charge was to explain what it had done already, which is different from a remand, a general remand and either path in the road and provide a reason that would support it and the rationale. Is there an argument below in the district court, I don't recall, that the district court should not just simply remand, but should vacate? I don't recall from the district court briefing, but I believe the argument was. If there wasn't a request for a vacater, I agree that could be a problem, but all I'm discussing is the point that it's positive that we are sure and proof positive what the agency would do on remand because that's not actually what happened. And the agency made the exact same argument, both in Regents and in Citizens United. They say, if you remand this, we are going to do the exact same thing on remand. And in both cases, the court said that doesn't matter. These are important procedural values. And while procedures can often seem pointless, they serve real values of administrative practice. Those are contexts in which there is a generally applicable regulation that applied, you know, to private rights and duties. And you're saying that all of that is imported into a preliminary evidentiary determination in an adjudication. So, I'm saying that the duty to provide reasons is imported into preliminary steps of an adjudication, and we've not seen anything in the law that suggests that agencies are free to take unreasoned steps so long as they're preliminary. It's just that there's some, you know, understanding about efficiency and process, you know, for these types of preliminary matters. I agree the rule is not efficient, and the Supreme Court goes out of its way in Regents to stress this is not an efficiency maximizing rule. It's ensuring that agencies do the process and do it correctly rather than skipping steps. So, I agree it is not efficiency maximizing. For rulemaking. For rulemaking, although in his dissent, Justice Kavanaugh stresses that he doesn't think this rule should apply to rulemaking at all, and instead it should be confined to adjudications where the impacts on private rights are more obvious. He sort of draws a distinction between rulemaking and adjudications. There's no argument that the agency didn't give reasons about its ultimate decision. It's only about this preliminary matter. I agree. They gave reasons about their ultimate decision. The problem is that their reasons about the ultimate decision are based on half of the applicable facts. To say they gave reasons for the ultimate decision when they didn't consider much of the material. So, but maybe where there's a failure to object or ask for reasons below, then you've not exhausted that issue before the agency. I mean, if the court wants to have this remanded so that we can take it back to the agency, that would solve an exhaustion issue, too. No, I mean, if you haven't exhausted, we don't remand for them there to be exhaustion. We were never given an opportunity to raise it at the agency because I think I'm going in a circle a little bit. The point is, the appellant went through the whole agency process. It is true. There was no reason given. And the question is where to put the burden of the reason. We say the burden should go on the agency who's the one exercising government power and impacting private rights, not on the person appearing before the agency. And ultimately, even if we lose that, I think we have a pretty strong fair notice problem because there's just nothing in this scheduling order that gives anyone an answer. The agency itself didn't show that it understood the order that way. The board didn't show contemporaneously that it understood the order that way. And there's a number of statements elsewhere in the agency manual that talk about an ability to introduce evidence at the hearing. So the question on fair notice is just whether a reasonable person when faced with this order would have read it and said other requests clearly applies to any request that requires the board approval, not just a request that is similar to a motion. And there's good reason to think that's not the case because it set separate deadlines for other items that did require board approval, like witness lists and objections to witness lists. There was no, there was never any deadline set for exhibits and there was no deadline set to object to exhibits. Any further questions? No. All right. Thank you. Mr. Brewer. May it please the court. The board did give the reasons on remand, which is the remedy sought by Dr. Schacht in this case. And those reasons were that the evidence was untimely, plainly in the district court's word, and that it was irrelevant. And having now given those reasons, that it comports with the plain language of the scheduling order, and it comports as well with the notes of the pre-hearing conference at which other actions were taken on requests for the admission of evidence. And as the questions noted, it comports with Dr. Schacht's own characterization of her pre-hearing request for the introduction of this. Did the appellant argue below that the remand should be for reconsideration of the evidentiary rule? I don't know that below the appellant distinguished between that, but the district court allowed the agency the choice to either offer additional explanation or to reconsider its evidentiary ruling in light of the district court's first summary judgment opinion. And that appears at JA 20. And that's perfectly consistent with the regents, which said that the agency should be allowed to make that choice between those two options. JA what? 20, your honor. Does the government's view that a remand was necessary here for the agency to provide further explanation in this type of context? We haven't taken a position on whether or not it was necessary, but because it happened and because the agency did provide those reasons on the remand, we think that those were sufficient to justify district court's second summary judgment opinion. And as the district court explained, it's consistent with regents and it's consistent with this court's case law for the agency to be able to provide reasons on remand when directed to by a court. I'm happy to answer any other questions the panel has. No, that's all you have. That's fine. Thank you very much. All right. Mr. Arnold, you used up all of your time. We'll give you two minutes for remand. Thank you, Judge. So I want to acknowledge that the government is correct that the district court's ruling both allowed the agency to provide an explanation or the agency could reconsider the decision. So I apologize for misspeaking. So why isn't that the end of your case? I don't think it's the end of the case because the agency didn't reconsider. All the agency did was provide a post hoc explanation and the court's case law and the Supreme Court's decision and regents makes clear that the post hoc explanation will not do and an agency decision cannot be upheld on that basis. So had the agency taken the district court up and reconsidered, even if it came to the same conclusion on reconsideration, that wouldn't be a regents problem. But that's not the path that the agency took. The agency very clearly took a path of providing a post hoc explanation. And so the district court was wrong to uphold the agency action based on that explanation given years after the fact. So in every adjudication before any administrative body and ALJ a board like this, if there's any ruling that happens in the course of that, that the losing party believes wasn't properly explained, they can challenge that and then the remedy would be a remand for reconsideration, mandatory reconsideration of every single one of those unexplained rulings. Where the district court concludes that the agency did in fact fail to explain itself in the original administrative record, which is the same thing that happened in regents and the same thing happened in End Citizens United. And the government just briefly mentioned the discussion of exhibits in the pre-hearing call. And there's a number, I think about eight of those listed on JA 223. If the court looks at those submissions that are on pages 479 to 597 of the administrative record, none of them are styled as this is a request for introduction of hearing exhibits. They're motions and they're witness lists where they have attachments in support of the motion or an attachment in support of the testimony that the witness is expected to proffer. There just isn't a time when either party put in a set of trial exhibits and said, here is our exhibits that we understood are due on October 7th. It doesn't exist. All right. Thank you.
judges: Wilkins, Rao, Randolph